**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated, | : : : | Case No.: 2:14-cv-376 |
| Plaintiff, | : : | Judge Frost<br>Magistrate Judge Deavers |
| v. | : : : | |
| AUGEO AFFINITY MARKETING, INC. and WISHBONE MARKETING LLC D/B/A SAVINGS GALORE LLC | : : : : | |
| Defendants. | : | |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff Philip J. Charvat (hereinafter referred to as "Plaintiff") individually and on behalf of all others similarly situated alleges on personal knowledge investigation of his counsel, and on information and belief as follows:

**Preliminary Statement**

1. Plaintiff brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 745 (2012).

2. Despite being registered with the National Do Not Call Registry, Mr. Charvat received multiple prerecorded telemarketing calls from the Defendant Wishbone Marketing LLC D/B/A Savings Galore LLC ("Savings Galore"), a service of Defendant Augeo Affinity Marketing, Inc. ("Augeo") (collectively referred to as the "Defendants").

3. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from the Savings Galore on behalf of Defendant Augeo.

4. Savings Galore placed these calls for the benefit of Defendant Augeo, who failed to take corrective action to stop Savings Galore from committing TCPA violations.

5. TCPA imposes liability for violations not only on businesses that *place* unlawful calls, but also on businesses *on whose behalf, and for whose benefit* the calls are made.

6. Vicarious liability is a critical component of the TCPA. According to the Federal Communications Commission, the agency charged with interpreting the statute, sellers like Augeo and Wishbone are not insulated from liability simply because others violate the law on their behalves and for their benefit. This is because the third parties that place illegal calls are often judgment proof and difficult to identify, and sellers are best positioned to monitor and control their activities. Under these circumstances, and in service of protecting consumers from the nuisance of unwanted telemarketing, liability is imputed to the more reputable and financially solvent sellers like Augeo.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the claims in this case under 28 U.S.C. § 1331 because this action arises out of a violation of federal law. *See* 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(2), as the Plaintiff is a resident of this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Parties

9. Plaintiff Philip J. Charvat is an individual citizen and resident of this district.

10. Defendant Augeo Affinity Marketing, Inc. is a foreign corporation that is organized under the law of the state of Delaware and has a primary corporate address in Minnesota, and does business throughout the country, including this District.

11. Defendant Wishbone Marketing LLC D/B/A Savings Galore LLC is a foreign corporation that is organized under has a primary corporate address in Tennessee, and does business throughout the country, including this District.

## Legal Basis of the Claims

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

3

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

14. The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

18. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

19. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

20. Specifically, the provision that establishes a private right of action against an entity that violates the DNC Registry restrictions provides:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may . . . bring in an appropriate court . . . (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions.

47 U.S.C. § 227(c)(5).

21. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

22. The agency reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

23. The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

**Factual Allegations**

24. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153.

25. The Defendants are, and at all times mentioned herein were a corporation, and a "person" as defined by 47 U.S.C. § 153.

26. On April 11, 2014, plaintiff received a telephone call on his residential phone line.

27. The phone call began with silence, and then after a pause a pre-recorded voice played the following message:

> Hello! Thank you for calling! Please listen carefully as our menu options may have changed. You may have been selected for a $100 Walmart gift voucher. In order to process your gift voucher we will need to transfer you to a live representative. Press 1 now to be connected. You get these free gifts just for taking a look at the nation's leading savings programs. These programs offer huge discounts and unadvertised savings at all your major retailers and grocery stores. Don't miss out on these fantastic gifts and offers. Simply press 1 now to be connected to a live representative. Our expert representatives will assist you in getting these gifts sent directly to your home. Supplies of these vouchers are limited so press 1 now to be connected and claim your $100 Walmart gift voucher today.

28. However, the Plaintiff did not place a telephone call, rather the Defendant Savings Galore placed an outbound call to the Plaintiff's residential line.

29. The Plaintiff pressed 1 to determine the source of the call.

30. After pressing 1, the Plaintiff was connected to an individual who identified herself as "Shamie".

31. "Shamie" proceeded to inform the Plaintiff that he would be receiving a $100 Walmart voucher after providing his address.

32. Later in the call, "Shamie" disclosed that there was a fee associated with the "promotion" that the Plaintiff was required to pay before receiving the voucher, and that there was also a discount rewards program that they were attempting to have the Plaintiff enroll in.

6

33. Finally, "Shamie" identified the website www.savingsgalore.com for further information about the program.

34. According to the website provided by "Shamie", "Savings Galore is a service of Augeo". *See* http://savingsgalore.com/about-us.php (Visited on April 16, 2014).

35. However, after the filing of the Plaintiff's original Complaint, the same website now states, "Savings Galore is a service of Wishbone Marketing, LLC." *See* http://savingsgalore.com/about-us.php  (Last Visited June 18, 2014).

36. The Plaintiff alleges that the Defendant Augeo supplies goods, which the Defendant Savings Galore promotes through its telemarketing campaign, including the gift cards that were the subject of Savings Galore's telemarketing calls to the Plaintiff.

37. The Plaintiff received calls with an identical pre-recorded message on February 24, 2014 and March 13, 2014.

38. When the Plaintiff pressed 1 on those calls to be connected to a live representative, he was placed on hold and then the call disconnected before the Plaintiff spoke with a live representative.

39. The Plaintiff never consented in any fashion to these telephone calls, and had no business relationship with the Defendants.

40. All of the calls alleged in this Complaint were unwanted telemarketing solicitations.

41. Plaintiff is not a customer of Defendants and has not provided Defendants with his personal information or telephone number.

42. All of the calls alleged in this Complaint were placed to a telephone number that Plaintiff had listed on the national Do Not Call Registry more than 12 months prior to these telephone calls to Plaintiff.

## Class Action Allegations

43. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

44. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whom Defendants, directly or through their agents, initiated a telephone call with a pre-recorded message within four years before this Complaint was filed.

45. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendants.

Collectively, all these persons will be referred to as "Class members."

46. Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

47. Class members are identifiable through phone records and phone number databases.

48. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

49. Plaintiff is a member of the class.

50. The Plaintiff and the class have all been harmed by the actions of the Defendant.

51. This Class Action Complaint seeks injunctive relief and monetary damages.

52. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Defendants violated the TCPA by advertising via unsolicited prerecorded telemarketing calls;

    b. Whether the Defendants can meet its burden of proof with respect to statutory defenses for the telemarketing calls;

    c. Whether the Defendants' conduct was knowing and/or willful;

    d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions;

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

53. Plaintiff is an adequate representative of the class because his interests do not conflict with class member interests, he will fairly and adequately protect class member interests, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and agents.

55. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

56. The interest of the Class members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendant from engaging in the same behavior in the future.

57. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

58. The Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

59. Plaintiff is unaware of litigation concerning this controversy already commenced by others who meet the proposed class definition.

## CAUSES OF ACTION

### Count One:

### Violation of the TCPA's Do Not Call provisions

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61. The Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

60. In violation of U.S.C. § 227(c), Plaintiff and all class members received telemarketing calls promoting the services of Defendants Augeo and Wishbone from authorized dealer Savings Galore on residential telephone lines listed on the National Do Not Call Registry.

61. As alleged above, Augeo and Wishbone are liable for those violations under the principles of actual authority, apparent authority, and ratification, and because the calls were placed on Augeo's and Wishbone's behalf, and for their benefit.

62. The Defendant's violations were negligent and/or knowing.

### Count Two:

### Violation of the TCPA's Prohibition against Advertising Using a Pre-Recorded Message

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64. The Defendants violated the TCPA by initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

11

65. The Defendant's violations were negligent and/or knowing.

## Count Three:

## Injunctive relief to bar future TCPA violations

66. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

67. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

68. The Plaintiff respectfully petitions this Court to order the Defendants and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA;

D. An award of attorney's' fees and costs to counsel for Plaintiff and the Class as part of a common fund or similar methodology;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems

appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

      F.      Such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Jennifer A. Hemenway (0089127)
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH  43204
(614) 488-0400
(614) 488.0401 *facsimile*
E-mail: murphy@mmmb.com
        murray@mmmb.com
        moul@mmmb.com
        hemenway@mmmb.com

Edward A. Broderick, Esq. (*admitted pro hac vice*)
Anthony Paronich, Esq. (*admitted pro hac vice*)
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 314-7783 *facsimile*
E-mail: ted@broderick-law.com
        anthony@broderick-law.com

Matthew P. McCue, Esq. (*admitted pro hac vice*)
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 *facsimile*
E-mail:  mmccue@massattorneys.net

14

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to the following attorney(s) of record by electronic means:

John B. Kopf
Thompson Hine LLP
41 South High Street, 17th Floor
Columbus, OH  43215
john.kopf@thompsonhine.com

                **/s/ Brian K. Murphy**
                Brian K. Murphy (0070654)